BOMMER v. SIPPEL.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

APPEAL—REVIEW—QUESTIONS NOT RAISED BELOW.

 A mortgagor conveyed the land to the second mortgagee as further security, subject to the first mortgage, pursuant to a contract between them which authorized the grantee to sell it on certain contingencies, apply the proceeds to payment of the debt due him, and return the surplus to the grantor. The grantee assumed to sell the land by public auction, pursuant to such contract, and became the purchaser, and the grantor brought suit against the grantee on the contract for the surplus alleged to be due him. *Held*, that defendant could not claim on appeal that the sale was void because it was not made pursuant to a foreclosure by action, or as authorized by Code Civ. Proc. c. 17, tit. 9, where the answer did not allege that the sale was void, but asserted, in effect, that it was valid.

Appeal from trial term.

Action by Ferdinand J. Bommer against Adam Sippel to recover money under a contract. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

The substance of the complaint is as follows:

That heretofore, and some time prior to the 2d day of December, 1895, this plaintiff was the owner of certain premises situate on Howell, Brown, and Monroe streets, in the city of Buffalo, N. Y., on which . said premises the defendant held mortgages amounting on said date to the sum of $2,430.41. That on the 2d day of December, 1895, this plaintiff, for the purpose of further securing the said defendant for the indebtedness secured by said mortgage, conveyed said premises to said defendant, upon an agreement with said defendant, of which the following is a copy: "Whereas, Ferdinand J. Bommer, of the city of Buffalo, N. Y., is indebted to Adam Sippel, of the same place, in the sum of twenty-four hundred and thirty dollars and forty-one cents, being for balance due him on loan secured by mortgages on lands on Howell street, and ·on Brown and Monroe street, all in the city of Buffalo, N. Y., which debts are assumed and agreed to be paid by the said Ferdinand J. Bommer, and are a lien on the said lands in the hands of said Ferdinand J. Bommer. Now, to avoid an immediate foreclosure of the said mortgages and all of them, and at the same time to secure said Adam Sippel the payment of the said debt and interest, and to place the said Adam Sippel in such condition that he will not be eventually obliged to foreclose the said mortgages, the said Ferdinand J. Bommer has this day caused to be conveyed the said lands, and all of them, to said Sippel, by deed dated December 2, 1895, and recorded in Erie county clerk's office, ———, by which deed of conveyance the said lands are represented to be free and clear from all liens and charges, except a certain mortgage to the Homestead Savings and Loan Association, for the sum of $1,550.00, dated April 1st, 1895, and recorded in Erie county clerk's office, April 8th, 1895, on which there remains now unpaid the sum of $1,400.00; and whereas the said Sippel does not release the said Ferdinand J. Bommer from liability for said debt and interest, in consideration of the premises and for the sum of one dollar each to the other in hand paid, the receipt whereof is hereby confessed and acknowledged, the said Ferdinand J. Bommer and the said Adam Sippel agree one with the other as follows, to wit: The said Adam. Sippel agrees on his part that while the said Ferdinand J. Bommer keeps and performs the conditions herein required to be kept and performed by him, the said Bommer, that he, the said Sippel, will hold said lands and all of them, and will not sell, mortgage, or convey same for the full period of three (3) years from the date hereof, unless, on the written request of said Bommer, and for a fair price and reasonable terms, it is by

both parties hereto agreed to sell same. In case of such sale the proceeds are to be applied to the payment of the said debt and interest, and any money advanced to pay taxes or assessments by said Sippel, the overplus, if any, to be paid over to said Bommer. The said Ferdinand J. Bommer on his part agrees, in consideration as aforesaid, that, while said Sippel holds said lands unsold, he, the said Bommer, will pay said Sippel semiannual interest on said indebtedness at the rate of 6 per cent. per annum on all sums thereof from time to time unpaid, and will keep paid and discharged all taxes and assessments on said land, or any part thereof, and will continue to make weekly or monthly payments on said mortgage to said Homestead Savings and Loan Association, so as to keep said debt due said Sippel from growing, and from a foreclosure of said association mortgage. All rent from said premises shall be paid said Sippel to apply on said debt, and any payments made said Sippel, by or for said Bommer, shall be applied on said debt. In case said lands are not sold within three years from this date, then the said Adam Sippel may, on ten days' notice in writing to said Bommer, to be served by mail at Buffalo, N. Y., sell said lands, and the whole thereof, or any part that then remains unsold, at public or private sale, on as good terms and price as he may have offered him, and apply the proceeds on the said debt and interest; and any balance of said indebtedness that may thereafter remain unpaid the said Bommer hereby agrees to pay said Sippel on demand, and, in case the said proceeds of said sale more than pays the said indebtedness and interest, the overplus shall be paid to said Bommer on demand. The agreement as above, on the part of said Sippel, to hold said lands for said period of three years, is upon the express condition that the said Bommer keeps and performs all the said conditions above expressed on his part to be performed, and in case said Bommer does not pay said interest as above provided, or does not keep up the payments on said association mortgage, and pay all taxes and assessments on said lands, then, and in that case, and after a default in the payment of said interest on said indebtedness for ninety days, or after a default of ninety days in the payment of any tax or assessment after the same or an installment of assessment becomes due and payable, or after a default of sixty days in the payment of the weekly or monthly assessments on said association mortgage, the said Sippel shall no longer be bound by and under this agreement to hold said lands or any of them, but may, on ten days' notice in writing, to be served on said Bommer by mail at his last known place of residence in Buffalo, N. Y., sell said lands, and apply the proceeds towards the payment of the said indebtedness to him, said Sippel, and towards the interest thereon, and return on demand to said Bommer any surplus that may remain after payment of said debt and interest; and, if the proceeds of said sale shall not be sufficient to pay said debt and interest in full, the said Bommer hereby agrees to pay said Sippel any balance due him on demand." That, pursuant to said agreement, this plaintiff did, on January 6, 1896, pay to said defendant the sum of $40.21, to apply on his indebtedness to said defendant, as stated in said agreement. That this defendant, claiming that this plaintiff had defaulted in making some of the payments called for by said agreement, on or about the 17th day of March, 1896, served notice on said plaintiff that he would sell the said premises, pursuant to said agreement, on the 27th day of March, 1896. That on said last-named day said premises, and all of them, were sold at auction, subject to a first mortgage on said premises, amounting to $1,400, and subject to the taxes thereon, for the sum of $3,400, which sum was bidden by said defendant, who purchased said premises at said sale for that amount. That the amount of the indebtedness of this plaintiff to said defendant on the day of said sale was the sum of $2,436.83. That, pursuant to the terms of said agreement, the difference between the said amount and the amount of said bid, to wit, the sum of $3,400, which said difference amounts to $963.17, belongs to and is payable by said defendant to this plaintiff. That no part of said amount has been paid, although demand therefor has been duly made. Wherefore plaintiff demands judgment against defendant for the sum of $963.17, with interest thereon from March 27, 1896, besides the costs of this action.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Wallace Thayer, for appellant.

George T. Wardwell, for respondent.

PER CURIAM. The grounds urged by the defendant upon this appeal, that the sale of March 27, 1896, is void, because it was not made pursuant to a foreclosure by action, or as authorized by title 9 of chapter 17 of the Code of Civil Procedure, are not available to him. The record title to the land was in the defendant, and he assumed to sell by public auction the property, pursuant to the contract of December 2, 1895, and became the purchaser. The plaintiff, by bringing this action for $963.17, the difference between the amount bid by the defendant and the amount due under said contract, waived the right to repudiate the sale, and ratified it. The defendant, by his answer, does not allege that the sale was void, but asserts, in legal effect, that the sale was valid, and that he cut off the plaintiff's right to redeem the property, and alleges that the sale was not subject to the unpaid taxes and the mortgage, but that they were to be paid out of the avails of the sale, and, deducting the amounts due for taxes and on the mortgage, there remained due from the plaintiff to the defendant $892.71, for which the defendant demands judgment against the plaintiff.

The record does not disclose that the defendant took the position on the trial that the sale was void for the reason now urged; and the court submitted to the jury the question whether the sale was made subject to the liens, or whether it was stated that the liens were to be paid out of the avails of the sale. We must assume that this question was properly submitted to the jury, for the charge is not contained in the record, and it does not appear that either party took exception thereto. We think that the defendant is estopped from now raising the question that he has not acquired the legal title of the premises, free and clear from the claim of the plaintiff.

The judgment should be affirmed, with costs.